Anderson, J.,
delivered the opinion of the court.
The only question raised upon the record, in the argument of this cause; is with regard to'the credit of $409, allowed Acord, the appellant’s intestate, in the settlement of his administration account, with the estate of John Falls, deceased.
John Falls, the intestate, died in September 1825. Letters of administration on his estate were granted to his widow and Acord jointly. In 1832 Acord made a settlement of his administration accounts, with commissioners of the county court, appointed for the purpose, on his motion. In said settlement Acord was allowed to retain, out of the assets which came to his hands, his account of $409, against the intestate, for money loaned, dated August 26th, 1819. There was no bond or note, or other evidence of the debt, except the statement or admission of the administratrix, (proved by one of the commissioners), that it was correct. It thus appears that right of action accrued upon this account more than five years before the death of the intestate, and consequently, that it was barred by the statute of limitations. The whole case is therefore narrowed down, to the single inquiry, where one of two joint administrators has an account against his intestate, which was barred by the *369 statute of limitations before the death of the intestate, can the bar be removed and the debt revived by the statement or admission of his co-administrator, that the - account is correct ?
It has been a question whether the bar could be removed and the debt revived by the promise of a sole administrator, to pay an account against the intestate which was harred by the statute of limitations in his' life time. We are of opinion that it could not. By thq revised Code of 1819, vol. 1, p. 492, sec. 16, it is made the duty of the court, in a suit against a personal representative, “ for the recovery of a debt upon an open account,” “ to cause to be expunged from such account, every item thereof which shall appear to have been due five years before the death of the” decedent. Mr. Lobinsón, in his new work on Practice, says, ‘ to allow items due five years before a decedent’s death to become a charge upon his estate because of an acknowledgment or provision made by his personal representative, would not have been very consistent with the legislative intent manifested” in this act. 1 Rob. Prac. (new) p. 577. In Tunstall & al. v. Pollard's adm'r, 11 Leigh. 1, 38, Judge Tucker says, “ I incline to think an executor is always bound to make this defence ; that is, the statute of limitations, unless it be waived by those who are interested.” And he cites with approbation McCulloch v. Davis, 22 Eng. C. L. R. 385, in which J. Bailey says, “ Executors have no right to waive any legal defence to such an action. And if they did, and were to pay a debt against the recovery of which there was any legal bar, they would lay themselves liable over to those who were interested in the testator’s property.” Also it was held in Rogers v. Rogers, 3 Wend. R. 503, that an executor cannot be allowed in his accounts a charge for retaining a debt barred by the statute of limitations. In Delaware it is considered, that if a debt was not barred at the decedent’s death, his administrator may, *370 by his premise or acknowledgment, keep it alive and free from the operation of the act. 1 Rob. Prac. (new) 575, citing Parkins' adm'r v. Bennington, 1 Harrington’s R. 209. The Supreme court of Connecticut has decided that an acknowledgment by a personal representative that a stale demand is due, shall not be allowed to defeat the operation of the statute ; he whose duty it is to settle the estate according to law, shall not subject it to debts by his declarations or admissions. Peck v. Botsford, 7 Conn. R. 172. "While there is some diversity of opinion on this subject in some of the States, it is believed that no case can be found in Virginia where a different doctrine has been held. In the case referred to, supra, J. Tucker, in whose opinion Judges Cabell and Brooke concurred, was evidently inclined to sanction the doctrine as held in Rogers v. Rogers, and as expounded by Justice Bailey in McCulloch v. Davis.
But Bishop v. Harrison's adm'r, 2 Leigh 532, decided by this court, is relied upon by the appellee’s counsel, as an authority to the contraiy. We do not think it is. The opinions of the judges wei’e evidently given in reference to a case where the debt had not been barred in the lifetime of the testator, and the promise by the executor was not relied on to remove an existing bar, but to exempt the case from the statute of limitations. This clearly appears from the language of Judge Carr, in his opinion, delivered in the case. “Here (he says,) was a debt claimed of the testator; to whom was the creditor tojo ok ? To the representative. He applies to the executor while the debt is yet untouched by the statute of limitations, and tells him here is a debt due me by your testator, and here is the proof of it. It is a debt due by simple contract, I must sue at once. The executor replies, I see the debt is just, and I tell you before this witness, I will pay it; therefore, you need not bring suit.” It is evident, that all the judges in this case were speaking with reference to a promise of the executor to *371 pay a debt -which, had not been already barred—a debt which had been “untouched by the statute of limitations and Judge Carr seems to rely upon that, as a warrant to the executor for his promise to pay the debt. It seems to me, therefore, that as the law then stood, as well as now, a debt against the decedent barred by the statute of limitations in his lifetime, could not be revived and made a charge upon the estate by the promise of the executor or administrator to pay it. And consequently, if it was a debt due to the personal representative, in his own right, he could not retain it out of the assets, and charge the estate with it.
But in this case, there is no promise of the administratrix to pay. It is only an admission, by one of a joint administration, that the account was correct. And where there is a joint administration, if the admission of one could bind the estate, which is, to say the least, problematical, (Tullock v. Dunn, Ry. & Mood. 416, 21 Eng. C. L. R. 478; Scholey v. Walton, &c., 12 M. & W. 509, cited 1 Rob. Pr. (new) p. 573,) it seems to be well settled, that the acknowledgment by a personal representative, that the claim is just, does not imply a promise to pay, as it would, if the acknowledgment had been made by the decedent himself; and, therefore, does not create a charge against the estate. C. J. Abbott, in Tullock v. Dunn, supra; Thompson v. Peter, 12 Wheat. R. 565; Oakes v. Mitchell, 15 Maine R. 360; Bunhur v. Athedyn, 35 Id. 364; cited 1 Rob. Pr. (new) p. 575; Head’s ex’ors v. Manners' adm’rs, 5 J. J. Marsh. R. 255. We are of opinion, therefore, that the decree of the Circuit court is erroneous in overruling the exception to this item in the account of the commissioner, designated as report Bo. 2, and in allowing the same as a debit against the estate of John Falls, deceased. But as the report of commissioner Bo. 3, filed the day of June 1855, ascertains what is the true state of account, omitting this item as a debit against the estate, we are of *372 opinion that the Circuit court erred in adopting the report No. 2 of Commissioner Hendren, and in not adopting report No. 3 of said commissioner. The court is of opinion, therefore, that the decree of the Circuit court, so far as it is in conflict with this opinion, should be reversed, with costs to the appellants, and in all other respects, should be affirmed.
The decree was as follows :
The court is of opinion, for reasons stated in writing and filed with the record, that report No. 3, instead of report No. 2, of Master Commissioner Hendren, shows the correct balance due to the plaintiff’s testator, for which he is entitled to satisfaction out of the proceeds of the land sold under a decree made in this cause ; and that the commissioners who sold the said land, out of the money to be collected by them according to the decree appealed from as aforesaid, should have been directed to pay over to the plaintiff or his counsel the sum of two hundred and eight dollars, with legal interest on one hundred and eighty-three dollars and thirty-nine cents, part thereof, from the 1st day of November 1850, till paid, instead of the sum of $1,387.08, with legal interest on $1,223, part thereof, till paid ; and that the said decree is erroneous in the respect aforesaid but no other; therefore, it is decreed and ordered that so much of the said decree as is above declared to be erroneous be reversed and annulled ; and the residue thereof affirmed; and that the said appellee, James "Wilson, surviving executor of Jacob Acord, deceased, out of the estate of his said testator, do pay to the appellant his costs by him expended in the prosecution of his appeal here ; and the cause is remanded to the said Circuit court for further proceedings to be had therein in conformity with the foregoing opinion and decree ; which is ordered to be certified to the said Circuit court of Augusta county.
Decree reversed.